IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SHARED INVESTMENTS IV, LLC, a Delaware Limited Liability Company, | JURY TRIAL DEMANDED |
| *Plaintiff,* | CASE NO. |
| vs. | JUDGE |
| 1. KEECO, LLC, a California Limited Liability Company | |
| *Defendant.* | |

## COMPLAINT

Shared Investments IV, LLC ("Shared" or "Plaintiff"), by and through undersigned counsel, for its *Complaint* against Defendant Keeco, LLC ("Keeco" or "Defendant"), states as follows:

## PARTIES

1. Plaintiff Shared is a Delaware limited liability company. Shared is owned by Edgewater Financials, LLC, which is owned by Mr. Dennis Breen. Mr. Breen is a resident of Arizona.

2. Defendant Keeco is a California limited liability company.

## JURISDICTION AND VENUE

3. This Court possesses personal jurisdiction over Keeco because the incidents from which Shared's claims arise occurred within the territorial jurisdiction of the Court, including

without limitation, Keeco's lease and use of a commercial building located at 1560 Industrial Boulevard in Bartlesville, Oklahoma.

4. This Court possesses subject matter jurisdiction under 28 U.S.C. § 1332 because Shared is completely diverse from Keeco, and the matter in controversy yields damages in excess of Seventy-Five Thousand Dollars ($75,000).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL BACKGROUND

### *(The Contracts)*

6. Shared and Keeco entered into a Multiparty Agreement (the "Agreement") on or about July 3, 2023. (*See* Exhibit 1.)

7. Shared and Keeco entered into Amendment No. 1 to Multiparty Agreement ("Amendment") on or about July 6, 2023. (*See* Exhibit 2.)

8. The Agreement and Amendment required Keeco to make certain payments of $125,000.00 per month to Shared, for a period of 12 months ("Surrender Payments"). (See Amendment, Sect. 1(c).)

9. The Agreement required Keeco to pay Shared certain Building Maintenance payments in the initial sum of $250,000.00 ("Initial Maintenance Payment"), and subsequent payments up to an additional $300,000.00 ("Ongoing Maintenance Payments").

10. The Agreement provided that, if Keeco was more than five days late in making a payment to Shared, including a Surrender Payment, then under Section 1(e):

> "in addition to its right to exercise any and all rights and remedies afforded [Shared] at law or equity, [Keeco] shall pay to [Shared] on demand a sum equal to $500,000 (herein the "**Stipulated Damages**"). The parties hereto acknowledge and agree that because of the unique nature of this Agreement and the expense involved by [Shared] in accepting the surrender of the Premises and the

2

performance of the Building Maintenance, it is difficult or impossible to determine with precision the amount of damages that would be or might be incurred by Landlord as a result of Tenant or Subtenant's failure to make any payments as required hereunder and that: (i) Landlord shall be damaged by the failure of Tenant or Subtenant to meet such obligations; (ii) it would be impracticable or extremely difficult to fix the actual damages resulting therefrom; (iii) the Stipulated Damages payable under this section are not a penalty, and are fair and reasonable; and (iv) such Stipulated Damages represent a reasonable estimate of fair compensation for the losses that may reasonably be anticipated from such failure.

11. Section 6 of the Agreement also sets forth an indemnification provision, whereby Keeco agreed to: "indemnify Shared *** against any and all claims, demands, damages, costs, liabilities, and expenses (including reasonable attorneys' fees, charges and disbursements) paid or incurred by [Shared] in connection with any breach of this Agreement by [Keeco]."

### *(Keeco's breach)*

12. Keeco made the Initial Maintenance Payment in the sum of $250,000 and the first nine Surrender Payments in the aggregate sum of $1,125,000.

13. Keeco failed to make the tenth Surrender Payment of $125,000 on May 1, 2024.

14. Keeco has yet to make the May 1, 2024 payment, thereby also failing to comply with the five-day grace period (the "May Default").

15. Keeco failed to make the eleventh Surrender Payment of $125,000 on June 1, 2024.

16. Keeco has yet to make the June 1, 2024 payment, thereby also failing to comply with the five-day grace period (the "June Default").

17. As a result of the May Default and/or June Default, Keeco is required to pay Shared all sums set forth under the Agreement, including: (a) the three remaining Surrender Payments in the sum of $375,000.00 (i.e., May, June, and July 2024); (b) $300,000 in Ongoing Maintenance Payments; and (c) $500,000 in Stipulated Damages.

## COUNT ONE
### (*Breach of Contract*)

18. Shared realleges each allegation of this *Complaint* as though fully rewritten herein.

19. Shared and Keeco entered into the Agreement and Amendment.

20. Keeco breached the Agreement and Amendment by failing to make the payments required thereunder.

21. Shared complied with all of his obligations under the Agreement and Amendment.

22. As a direct and proximate result of Keeco's conduct, Shared sustained damages in excess of $75,000.00, with the exact sum to be determined by the Court.

## COUNT TWO
### (*Indemnification*)

23. Shared realleges each allegation of this *Complaint* as though fully rewritten herein.

24. Shared and Keeco entered into the Agreement and Amendment.

25. The Agreement and Amendment require Keeco to indemnify Shared in the event that Keeco breaches the Agreement and Amendment.

26. As set forth above, Keeco breached the Agreement and Amendment by virtue of its non-payment.

27. Keeco's breach of the Agreement and Amendment required Shared to engage legal counsel, including the preparation of this suit, thereby requiring Shared to incur additional attorney fees and costs.

28. As a direct and proximate result of Keeco's conduct, Shared sustained damages in excess of $75,000.00, with the exact sum to be determined by the Court.

## COUNT THREE
### (*Equitable Estoppel*)

29. Shared realleges each allegation of this *Complaint* as though fully rewritten herein.

30. The parties entered into the Agreement and Amendment so as to resolve a prior dispute.

31. Shared relied on Keeco's promises by foregoing other contractual rights then-available to Shared.

32. Shared relied upon Keeco's promises to its detriment.

33. Shared's reliance was reasonable and/or foreseeable under the circumstances.

34. Shared suffered injury, harm, and damages as a result of its reliance on Keeco's promises.

35. As a direct and proximate result of Keeco's conduct, Shared sustained damages in excess of $75,000.00, with the exact sum to be determined by the Court.

## COUNT FOUR
### (*Unjust Enrichment*)

36. Shared realleges each allegation of this *Complaint* as though fully rewritten herein.

37. Shared conferred several benefits upon Keeco by providing Keeco relief on its preexisting contractual obligations.

38. Keeco possessed knowledge of the benefits that Shared was conferring on it, as Keeco was a direct party to the prior discussions between Shared and Keeco.

39. Keeco retained the benefits conferred by Shared and never sought to fully compensate Shared for the benefits conferred.

40. As a direct and proximate result of Keeco's conduct, Shared sustained damages in excess of $75,000.00, with the exact sum to be determined by the Court.

**WHEREFORE**, Plaintiff Shared Investments IV, LLC respectfully requests judgment in its favor and against Defendant Keeco, LLC in excess of $75,000, including attorney fees and costs, with the exact sum to be determined by the Court.

Dated: June _____, 2024

        Respectfully submitted,

        *s/ Chad J. Kutmas*
        Chad J. Kutmas, OBA #19505
        ckutmas@nwlawok.com
        **NORMAN WOHLGEMUTH, LLP**
        401 S. Boston Avenue, Suite 3200
        Tulsa, OK 74103
        (918) 583-7571 (office)
        (918) 584-7846 (facsimile)

-and-

        Mathew E. Doney (0093845)[†]
        **BRENNAN, MANNA & DIAMOND, LLC**
        200 Public Square, Ste. 1850
        Cleveland, OH 44114
        Phone: (216) 658-2155
        Fax: (216) 658-2156
        Email:     medoney@bmdllc.com

        [†]Pro Hac Application Pending

        *Counsel for Plaintiff,*
        *Shared Investments IV, LLC*

4891-8123-7192, v. 1